Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2527 | **DATE** | 4/16/2002 |
| **CASE TITLE** | Babatunde Lawal etc. Vs. John Ashcroft et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly, we grant petitioner's application to proceed in forma pauperis.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 17 2002 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BABATUNDE LAWAL, a/k/a ABDUL R. LAWAL,

    Petitioner

vs.

JOHN ASHCROFT, et al.,

    Respondent.

No. 02 C 2527

## MEMORANDUM OPINION AND ORDER

Petitioner Babatunde Lawal brings this petition for writ of habeas corpus under 28 U.S.C. § 2241. Along with his request for issuance of a writ, petitioner has filed an application to proceed *in forma pauperis*. For the following reasons, petitioner's application is granted.

Under 28 U.S.C. § 1915(a) we may authorize a petitioner to proceed *in forma pauperis* if he is unable to pay the prescribed court fees. The application here indicates that petitioner is not employed, has no source of income, has no savings, and is currently incarcerated. On these facts, petitioner has established his inability to pay the court fees.

Our inquiry does not end with a finding of indigency, however. Under section 1915 we must conduct an initial review of petitioner's claims and dismiss the action if we find that: the action is frivolous or malicious; it fails to state a claim on which relief may be granted; or petitioner seeks damages from a respondent who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v. Debruy, 13 F.3d 1036, 1039 (7th Cir. 1994). This action does not appear to be frivolous or malicious, and we see no immunity issues. Our only inquiry, then, is whether petitioner has properly stated a claim. We apply the same standards as if this were



an ordinary dismissal under Fed.R.Civ.P. 12(b)(6). Zimmerman v. Tribble, 266 F.3d 568, 571 (7th Cir. 2000).

Petitioner brings this action under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus. He alleges that he has been held in custody by the Immigration and Naturalization Service (INS) in excess of six months past a determination that he should be removed from the United States. It appears that he was ordered removed when he was found to be an "inadmissable" alien under 8 U.S.C. § 1192, having never been legally admitted to the United States. Petitioner claims that the United States is currently unable to deport or remove individuals to his country of origin, and there is no reasonable likelihood that he can be removed in the foreseeable future.

Petitioner claims that he is being held in violation of due process. He additionally argues that the statute under which he was detained, 8 U.S. C. 1231(a)(6), is facially unconstitutionally or alternatively unconstitutional as applied in this case. Petitioner asks for issuance of a writ requiring the respondents to show why his detention is not unlawful, declaratory relief regarding his detention and the statutes under which his detention began, and an order for his release.

A writ of habeas corpus can be granted to a person who is "in custody under or by color of the authority of the United States...or...is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Petitioner alleges that he has been ordered removed from the United States, but has been held in detention by the INS for over six months. Habeas corpus proceedings are an appropriate forum for statutory and constitutional challenges to post-removal-period detention by the INS. Zadvydas v. Davis, 533

U.S. 678, 682, 121 S.Ct. 2491, 2495 (2001).

An alien ordered removed, who has not left or been removed within ninety days, is subject to supervision by the Attorney General. 8 U.S.C. 1231(a)(3). More relevant here, an alien ordered removed, including aliens found inadmissible, may be detained beyond the ninety-day removal period. 8 U.S.C. 1231(a)(6). There is no time limit specified in this detention statute. The Supreme Court found that there is an implicit time limit in post-removal detention under section 1231(a)(6), and that once removal is no longer reasonably foreseeable, continued detention is no longer authorized. Zadvydas, 533 U.S. at 699, 121 S.Ct. at 2503. Whether a detention period is reasonably necessary to secure removal, and whether removal is no longer foreseeable, are questions that are appropriately brought before a habeas court. *Id.*

The Zadvydas Court specifically noted that it was addressing the rights of aliens who were admitted to the United States and subsequently ordered removed, in contrast to aliens who have never entered the United States and who do not garner the constitutional protections afforded to persons inside our geographic borders. *Id.* at 693, 2500, *citing* Shaughnessy v. United States ex rel. Mezei, 346 U.S. 206, 73 S.Ct. 625 (1953). The Seventh Circuit, in Hoyte-Mesa v. Ashcroft, 272 F.3d 989 (2001), addressed the issue of an alien living in the United States who had never been granted legal entry. It found that continued detention of an inadmissible alien did not violate due process, *id.* at 991. It also concluded that the situation before it was outside the scope of Zadvydas not only because the petitioner was an excludable alien but also because he had been subject to an elaborate mandatory administrative review process and had violated his parole conditions.

We gather from the facts presented in petitioner's filings that he was not stopped at the border, but had been living inside the United States prior to his detention. Petitioner appears *pro se*, and, accordingly, we construe his pleadings liberally. Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999). It is difficult to determine at this stage what protections petitioner is afforded without filling in the history of his time in the United States. He does not appear to be either an alien admitted legally and later excluded as in Zadvydas, or an alien "stopped at the border" as in Mezei. The Seventh Circuit's decision in Hoyte-Mesa is potentially distinguishable from the situation alleged by petitioner here, and until we know more about the facts leading up to petitioner's detention we do not see it as a bar to going forward.

Accordingly, we grant petitioner's application to proceed *in forma pauperis*.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 16, 2002.